UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

NOLAN GEOFFROY,

        Plaintiff,

    v.

POLARIS INDUSTRIES INC., MARCOS HUDSON CARVALHO SANTOS, DANA LYNNE SANTOS, BENJAMIN LOUTHER, and DOES 1-100,

        Defendants.

No. 2:25-cv-03321 WBS CSK

MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND

----oo0oo----

       Plaintiff filed the instant action in the Sacramento County Superior Court (the "Sacramento Action") (Docket No. 6-3 at 4), alleging various state-law tort claims against defendants. Defendant Polaris Industries Inc. ("Polaris") timely removed the action to this court based on diversity jurisdiction.  (Docket No. 1; see 28 U.S.C. § 1332.)  Plaintiff then filed the pending motion to remand the action to the state court, arguing that

1

because some defendants are California residents, there is no diversity of citizenship. (See Docket No. 6.)

Defendant Polaris opposes plaintiff's motion to remand on the grounds that the in-state defendants were fraudulently joined and thus do not destroy diversity jurisdiction.  See Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (holding that in determining whether there is complete diversity under 28 U.S.C. § 1332(a), the court may disregard the citizenship of a non-diverse defendant who has been fraudulently joined).

The reason Polaris argues that those defendants were fraudulently joined is based on the fact that, prior to instituting the Sacramento action, plaintiff filed a separate action in the Placer County Superior Court (the "Placer Action"), in which he alleged nearly identical negligence and negligent entrustment claims against the in-state defendants, except that plaintiff did not allege any claims against defendants Louther and Polaris in the Placer Action.  (Docket Nos. 1 at 5; 1-1 at 27-31.)

To get from the fact that those defendants were parties to the Placer Action to the argument that those defendants were thereby fraudulently joined in this action, Polaris relies upon California's "primary rights" doctrine, which provides that "'[i]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds

2

new facts supporting recovery.'"  Gonzales v. California Dep't of Corr., 739 F. 3d 1226, 1233 (9th Cir. 2014) (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 197 Cal. Rptr. 612, 614 (1983)).  (See Docket No. 8.)  When the same primary right is involved in two actions, "if the first suit is still pending when the second is filed, the defendant in the second suit may plead that fact in abatement."  Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 904, 51 P.3d 297, 307 (2002) (citations omitted).

It is Polaris' argument that the negligence and negligent entrustment claims plaintiff alleges against the individual defendants in the Sacramento Action involve the same primary right as the claims he alleged against the Santos defendants in the Placer Action and are therefore subject to abatement.  (Docket No. 8 at 12.)  Polaris next argues that because the claims against the individual defendants are subject to abatement, those defendants were fraudulently joined.  (Id. at 9-10.)

However, a determination that the primary rights doctrine applies and that abatement is correspondingly proper is not equivalent to a determination that the relevant claims must fail as a matter of law.  Cf. Leadford v. Leadford, 6 Cal. App. 4th 571, 574, 8 Cal. Rptr. 2d 9, 12 (1992) (distinguishing abatement of action from dismissal of action); Landis v. Morrissey, 69 Cal. 83, 87, 10 P. 258, 260 (1886) (distinguishing abatement of action from "defeat[]" of action).  And, as explained above, prerequisite to a finding of fraudulent joinder is a determination that the complaint fails to state a cause of

3

action against the fraudulently-joined defendant.  See Grancare, 889 F. 3d at 548.

As plaintiff points out, Polaris does not argue that plaintiff has failed to state viable negligence claims against the individual defendants.  (See Docket No. 6-3 at 5.)  Further, the state courts have many procedural mechanisms for managing the two actions at issue here; they could, for example, consolidate the actions, abate the later-filed action, or deploy any other docket-management strategy within their purview.  (See Docket No. 6-3 at 7.)  None of these approaches would be akin to a determination that plaintiff has "obvious[ly]" "fail[ed] to state a cause of action against [the] resident defendant[s]" required to establish fraudulent joinder.  Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (citation modified).

The court has searched high and low for cases in which a motion to remand has been denied on fraudulent joinder grounds based upon finding that California's primary rights doctrine applies.  The court could locate only one case in which another judge even confronted this attenuated issue; in that case, the court found that fraudulent joinder based on the primary rights doctrine did not apply and accordingly granted the plaintiff's motion to remand.  See Murray v. Bankers Standard Ins. Co., No. 23-cv-2573 PA PDx, 2023 WL 3852806, at *3 (C.D. Cal. June 5, 2023).

Because the court cannot say that there is no possibility that plaintiff could recover against any of the California defendants based on the allegations of the complaint

4

in this action, the court cannot find that the California defendants have been fraudulently joined.  See Grancare LLC, 889 F. 3d at 548.  Therefore, because the California defendants are not diverse from plaintiff, the court will grant his motion to remand.  See 28 U.S.C. § 1332(a).

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this action be, and the same hereby is, REMANDED to the Superior Court of the State of California, in and for the County of Sacramento.

Dated:  March 17, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5